Leo P. Byk et al., Doing Business under the Name of Triangle Novelty Company, Appellants, v. Richard E. Enright, as Commissioner of Police of the City of New York, et al., Respondents.

*New York city — police — action to restrain police from interfering with slot machines — complaint properly dismissed.*

*Byk* v. *Enright*, 213 App. Div. ——, affirmed.

(Argued June 8, 1925; decided July 15, 1925.)

Appeal from a judgment, entered May 16, 1925, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint in an action to restrain the defendants from interfering with certain machines owned by the plaintiffs and leased to proprietors of stores and other places of business. Defendants contended that the machines were gambling devices and subject to seizure by the police.

*John P. Carroll* for appellants.

*George P. Nicholson,* Corporation Counsel (*Charles J. Druhan* of counsel), for respondents.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, McLaughlin, Crane, Andrews and Lehman, JJ. Absent: Pound, J.

---

George Neuberger, Appellant, v. Importers and Traders National Bank of New York, Respondent.

*Money had and received — action to recover proceeds of check drawn to order of infant and indorsed by guardian and deposited to account of her attorney by whom the whole amount was converted.*

*Neuberger* v. *Importers & Traders Nat. Bank,* 212 App. Div. 880, affirmed.

(Submitted June 9, 1925; decided July 15, 1925.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 26, 1925, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury. The action

was for money had and received, for $9,130.93, on an alleged cause of action claimed to have arisen out of the deposit with the defendant in 1911 of a check for $13,609.46, drawn by the Long Island Railroad Company to the order of the plaintiff (then an infant), indorsed in blank by his general guardian and delivered to one M. P. O'Connor, a depositor of defendant, and by him indorsed and deposited with the defendant, which collected the check and placed the proceeds to his credit and paid them out before the commencement of this action and before notice of any claim by plaintiff.

*Michael J. Joyce* for appellant.

*Myron T. Townsend* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

HENRY S. HOWE et al., Copartners under the Firm Name of LAWRENCE & Co., Respondents, *v.* MORRIS HAUSMAN et al., Copartners under the Firm Name of MORRIS HAUSMAN & SON, Appellants.

*Contract — action to recover for failure to accept merchandise alleged to have been purchased — defense that goods were sold at " guaranteed prices " which plaintiffs refused to accept.*

Howe v. Hausman, 210 App. Div. 846, affirmed.

(Argued June 9, 1925; decided July 15, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 29, 1924, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict. The action was to recover damages for a claimed breach of contract arising out of the defendants' alleged failure to accept and pay for merchandise ordered from the plaintiffs. The answer put in issue every material allegation of the complaint and for a separate defense alleged that the materials described in the complaint were sold upon the agreement and as a condition thereof that the price to be paid therefor was the price